

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00298-CR
_____

AMANDA JEAN WEAST, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 110th District Court
Floyd County, Texas
Trial Court No. 4548; Honorable William P. Smith, Presiding

December 16, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Amanda Jean Weast, was indicted for, and convicted of, unauthorized use of a motor vehicle.[1]  Pursuant to a plea bargain, she was sentenced to two years in a state jail facility, suspended in favor of five years community supervision and a $500 fine.  Seven months later, the State moved to revoke Appellant's community supervision

---

[1] TEX. PENAL CODE ANN. § 31.07(a) (West 2011).  An offense under this section is a state jail felony.  *Id.* at (b).

for numerous violations of the conditions thereof. At a hearing on the State's motion, Appellant pleaded true to all allegations and the trial court revoked her community supervision and assessed the original two year sentence. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion, modify the judgment to delete the assessment of attorney's fees for representation on the revocation proceedings and, as modified, affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to review the record and file a *pro se* response if she desired to do so,[3] and (3) informing her of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] This Court is aware of the decision in *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).

[4] Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

Appellant an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response but did file a one-paragraph letter alleging ineffective assistance of trial counsel and a "very steep" sentence.  The State did not favor us with a brief.

At the revocation hearing, the trial court inquired whether Appellant was satisfied with trial counsel's performance.  She answered affirmatively and entered her plea of true to the State's allegations in the motion to revoke.  The State offered Appellant's signed *Stipulation of Evidence* into evidence and rested its case.  Appellant testified and admitted to committing a new offense and using methamphetamine.  She requested reinstatement of her community supervision and vowed to rehabilitate herself and comply with the conditions.

By the *Anders* brief, counsel presents a thorough evaluation of the trial proceedings for potential error.  He then candidly concedes there is no reversible error.

STANDARD OF REVIEW

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion.  *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion.  *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community

3

supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

COURT-APPOINTED ATTORNEY'S FEES

Counsel was appointed by the trial court in June 2013 to represent Appellant. The clerk's record contains two *Bills of Cost*. The first, generated in August 2013, when Appellant was originally convicted, reflects an assessment of $400 in court-appointed attorney's fees. Counsel was again appointed in August 2014 to represent Appellant on the revocation proceeding. The second bill generated in July 2014 after judgment was entered revoking community supervision reflects an assessment of "Court Appointed Attorney Fee - - $400.00" and "Court Appointed Attorney Fee (Motion to Revoke) - - 400.00."

It is well established that in order to assess court-appointed attorney's fees in a judgment, a trial court must determine that the defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014); *Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010). *See also* TEX. CODE CRIM. PROC. ANN. art. 26.04(m) (West Supp. 2014). Not only must the trial court make a determination regarding the defendant's ability to pay, the record must reflect some factual basis to support that determination. *See Wolfe v. State*, 377 S.W.3d 141, 144 (Tex. App.—

4

Amarillo 2012, no pet.). Additionally, a defendant who is found to be indigent is presumed to remain indigent for the remainder of the proceedings unless a material change in the defendant's financial circumstances occurs. If a material change occurs, the State may move for reconsideration of the defendant's financial status. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014).

In *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013), the Court held that an appellant procedurally defaults a claim that the record does not support an order to reimburse the county for court-appointed attorney's fees by failing to appeal that particular issue at the time of the original imposition of community supervision. In this appeal, because Appellant did not complain of the assessment of $400 in court-appointed attorney's fees when first placed on community supervision, that amount stands. However, nothing in the record before us demonstrates financial ability by Appellant to pay the $400 assessed for court-appointed attorney's fees for the revocation proceeding which she timely appealed. Consequently, that amount was improperly assessed.

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. *See Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). *See also Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The

power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30. Presently, the *Judgment Revoking Community Supervision* reflects unpaid court costs of $868.00 "+ 400$^{00}$ a/f." Based on the record before us, we reform that judgment by deleting the handwritten notation "400$^{00}$ a/f" under the heading "Court Costs." The clerk is ordered to prepare an amended *Bill of Cost* reflecting total costs assessed and payments made in connection with this proceeding.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Accordingly, as modified, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

6